**William E.H. TAGUPA, Plaintiff,**

**v.**

**Franklin ODO, individually and officially as Director, Ethnic Studies Program, University of Hawaii, Manoa; Richard Dubanowski, officially as Dean of the College of Social Sciences, University of Hawaii at Manoa; Board of Regents, University of Hawaii, Defendants.**

**No. 93–00435 ack.**

United States District Court,
D. Hawaii.

Feb. 1, 1994.

William E.H. Tagupa, pro se.

Robert A. Marks, Kathleen Racuya–Markrich, Lester Goo, Office of the Atty. Gen. State of Hawaii, Honolulu, HI, for defendants.

**ORDER AFFIRMING PROTECTIVE ORDER REQUIRING PLAINTIFF TO RESPOND IN ENGLISH AT HIS DEPOSITION**

KAY, Chief Judge.

### Facts

William E.H. Tagupa, a member of the Hawaii Bar and a Pro Se plaintiff, appeals a December 21, 1993 ruling by Magistrate Judge Yamashita granting a protective order which required Mr. Tagupa to respond in English at his oral deposition. Mr. Tagupa contends that Magistrate Judge Yamashita's ruling was clearly erroneous and contrary to both Article XV, Section 4 of the Hawaii Constitution and the 1990 Native American Languages Act, 25 U.S.C. §§ 2901–06.

### Discussion

This is a case of first impression. At issue, is whether an individual of "Native Hawaiian" ancestry has a right to use the Hawaiian language in a civil judicial proceedings regardless of their proficiency in English. The plaintiff, Mr. Tagupa (hereinafter "Plaintiff"), contends that Art. XV, Sec. 4 of the Hawaiian Constitution and the 1990 Native American Languages Act, 25 U.S.C. §§ 2901–06, prohibit federal courts from mandating that a Native Hawaiian, who is fluent in Hawaiian and English, give deposition testimony in English.

### Hawaii State Constitution

■ Article XV, Section 4 of the Hawaii Constitution states that "English and Hawaiian shall be the official languages of Hawaii, except that Hawaiian shall be required for public acts and transactions *only as provided by law.*" (emphasis added). This passage of the Hawaii Constitution, and the subsequent case law interpreting it, provides little guidance regarding whether an American citizen of Native Hawaiian ancestry residing in Hawaii can assert, as a matter of right, the privilege of giving oral deposition testimony in the Hawaiian language when he or she is fluent in the English language. Furthermore, a definitive judicial determination of this issue is better left to the Hawaii state courts.

Defendants correctly point out that the Plaintiff's request to have a Hawaiian language interpreter at his deposition is an unnecessary expense that would needlessly complicate and delay the deposition process. Plaintiff is a practicing member of the Hawaii bar who is fluent in English and fully aware of the important role depositions play in ascertaining facts and identifying issues for trial. The mere fact that Hawaiian is also an official language of Hawaii does not compel this Court to ignore the practical realities of this dispute. Consequently, because the Court cannot rule that Magistrate Judge Yamashita's order was "clearly erroneous or contrary to the law," the plaintiff's contention that the Hawaii Constitution prohibits this Court from mandating that Mr. Tagupa give his deposition testimony in English is rejected.[1] Fed.R.Civ.P. 72(a).

### Native American Languages Act

■ 25 U.S.C. § 2903 of the Native American Languages Act (hereinafter "Languages Act") declares "[i]t is the policy of the United States to ... preserve, protect, and promote the rights of Native Americans to use, practice, and develop Native American languages."[2] Moreover, § 2904 provides that

---

1. *Nondispositive Matters.* A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; ... The district judge whom the case is assigned shall consider such objections and shall modify or *set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law.* (emphasis added). Fed.R.Civ.P. 72(a).

Moreover, Local Rule 404–1 states that a magistrate judge may hear and determine any pretrial matter. Any party may appeal the order within 10 days after it is issued. A United States district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The United States district judge may also reconsider sua sponte any matter determined by a magistrate judge under this rule.

2. "In some states, the [traditional unwritten] policy of prohibiting native languages has been formally repealed. For example, the Hawaii State

the rights of "Native Americans to express themselves through the use of Native American languages shall not be restricted in any public proceeding, including publicly supported education programs." [3] Congress believed that these protections were essential to ensuring its goal of protecting and encouraging the unique language and culture embodied by populations like Native Hawaiians.

Congress did not, however, intend to extend the Language Act to judicial proceedings in federal courts. The Language Act deals almost exclusively with increasing the use of Native languages in the education and instruction of Native Americans.[4] *Cf. Alabama and Coushatta Tribes of Texas v. Trustee of Big Sandy Independent School District,* 817 F.Supp. 1319, 1334 (E.D.Tex. 1993) (the wearing of long hair by Native American students is a protected First Amendment activity, which does not disrupt the educational process). For example, § 2903(3) declares that it is the policy of the United States to:

> [E]ncourage and support the use of Native American languages as a *medium of instruction* in order to encourage and support:

Legislature passed a resolution in 1987 requesting that the Hawaii State Department of Education establish Hawaiian language medium classes in elementary schools and create pilot Hawaiian language immersion/maintenance programs. Based on this resolution, the Hawaii State Department of Education now allows children to be instructed in the Hawaiian language. While appropriate tests have not yet been developed to test differences between native speaking children and their counterparts in their achievement of academic skills, available testing has shown that Native Hawaiian children schooled in Hawaiian language immersion programs generally speak and understand English at least as well as their non-Hawaiian speaking Native Hawaiian counterparts. Additionally, the Hawaiian speaking children tend to be more outgoing and self-confident than their counterparts, and have higher self-esteem." Native American Languages Act of July 16, 1990, Sen.Rep. No. 101–250, Pub.L. No. 101–477, 5 U.S.C.C.A.N 1840, 1841 (1990).

**3.** The term "Native American" includes any individual of Native Hawaiian Ancestry.

The U.S. Code defines "Native Hawaiian" as any individual who is:
(A) a citizen of the United States,
(B) a resident of the State of Hawaii, and

(A) Native American language survival,
(B) educational opportunity,
(C) increased student success and performance,
(D) increased student awareness and knowledge of their culture and history, and
(E) increased student and community pride;

Indeed, the only Language Act clause unrelated to securing the use of Native American languages in education is directed towards preserving the right of Native American groups to conduct and manage their own affairs using their particular Native American language.[5] None of the above concerns are raised in the present case.

Mr. Tagupa's discrimination claims are between himself and the University of Hawaii. Neither the case itself nor, more importantly, the language in which he gives his depositions implicates the rights of Native Hawaiians to maintain their culture and preserve the use of their language. Moreover, because Mr. Tagupa is a member of the Hawaii bar who fully understands the American judicial process and possesses a mastery of the

(C) a descendant of the aboriginal people, who prior to 1778, occupied and exercised sovereignty in the area that now comprises the State of Hawaii, as evidenced by:
(i) genealogical records,
(ii) Kupuna (elders) or Kama'aina (long-term community residents) verification, or
(iii) birth records of the State of Hawaii
20 U.S.C. § 4909.

**4.** "It is not the intent of this Act to create new Federal programs or to prohibit the *teaching or use of the English language to Native Americans.* It is important, however, that existing Federal programs are brought into conformity with this Act in order to assure maximum participation of Native Americans with government agencies in fulfilling the mandate of this Act." Native American Languages Act of July 16, 1990, Sen.Rep. No. 101–250, Pub.L. No. 101–477, 5 U.S.C.C.A.N 1840, 1842 (1990) (emphasis added).

**5.** 25 U.S.C. § 2903(6) declares that it is the policy of the United States to "fully recognize the inherent right of Indian tribes and other Native American governing bodies, States, territories, and possessions of the United States to take action on, and give official status to, their Native American languages for the purpose of conducting their own business."

English language, no legitimate fact finding rationale supports his right to give a deposition in a language other than English. Indeed, permitting Mr. Tagupa to give his deposition in Hawaiian would only add needless delays and costs to this dispute since Hawaiian language testimony would require the parties to find (and pay) a qualified interpreter whose services were acceptable to both parties. In addition, a Hawaiian language deposition inevitably creates disputes over the "correct" English translation of Mr. Tagupa's deposition answers. Consequently, the Court finds that Mr. Tagupa's claims under the Native American Languages Act are without merit.

 Furthermore, permitting Mr. Tagupa to give his deposition in Hawaiian is contrary to the Federal Rules of Civil Procedure. Rule 1 states that Federal Rules of Civil Procedure "shall be construed and administered to secure the *just, speedy, and inexpensive determination* of every action." (emphasis added). Permitting Mr. Tagupa to give his deposition testimony in Hawaiian would have the exact opposite effect. It would greatly increase the costs of litigating this dispute without any corresponding improvement in the accuracy of Mr. Tagupa's deposition testimony.

In 1990, Congress passed legislation restating its concern that the cost and delay in civil litigation be reduced. "High and increasing litigation costs cast doubt upon the fairness of the civil justice system and its ability to render justice, because those costs unreasonably impede access to the courts and make it more difficult for aggrieved parties to obtain proper and timely judicial relief or, in some cases, to obtain any relief at all." Civil Justice Reform Act of October 27, 1990, Sen.Rep. No. 101–416, Pub.L. No. 101–650, 8 U.S.C.C.A.N. 6802, 6809 (1990). Indeed, the unfortunate fact is that the "civil justice system as we know it today is not fulfilling its basic objective of providing the 'just, speedy and inexpensive' resolution of disputes" required by Rule 1 of the Federal Rules of Civil Procedure. *Id.* at 6810. Consequently, because requiring an interpreter would prevent the just, speedy and inexpensive resolution of this case, the Court affirms Magis-

trate Judge Yamashita's protective order of December 21, 1993 requiring Mr. Tagupa to give his deposition testimony in English.

### *Conclusion*

For the above reasons, the Court affirms the December 21, 1993 order by Magistrate Judge Yamashita which requires Mr. Tagupa to respond in English at his oral deposition.

IT IS SO ORDERED.